LANSDALE
*vs.*
MITCHELL.

H. TAYLOR for plaintiff; MOREHEAD & BROWN, CRITTENDEN and HORD for defendants.

---

PET. EQ.

Case 32.

## Lansdale *vs.* Mitchell

### ERROR TO BULLITT CIRCUIT.

1. Where the court has no jurisdiction of the subject matter of the action, the plaintiff's petition may be dismissed on that ground; but where the court has jurisdiction, either by ordinary or equitable proceeding, an error in the form of proceeding adopted, does not authorize a dismissal of the action, but merely a transfer of the action to the proper docket. *Code of Practice sec. 6.*

2. Where it is agreed that money received, or to be received, is to go in satisfaction of a particular demand, the chancellor has the power to enforce the contract by decreeing the set-off.

January 19.

Judge SIMPSON delivered the opinion of the court.

Case stated.

The plaintiff, Elizabeth Lansdale, brought an action by equitable proceedings, in the circuit court, against Warren Mitchell and others, to enjoin two judgments obtained against her in the same court, by the defendant, at the April term, 1851. She stated, in her petition, that Warren Mitchell had collected for her various sums of money, for which she was entitled to a credit on the judgments at law in his favor; that he was insolvent, and therefore it became ne-

cessary to apply her demands against him, in satis-. faction of the judgment at law in his favor against. her. The defendant filed a demurrer to the petition, upon the ground that its allegations did not make out an equitable cause of action against him; he also filed an answer, in which he denied the charge of insolvency. The cause was heard, and the allegation of insolvency not having been sustained by the testimony, the plaintiff's injunction was dissolved, and her petition dismissed.

It is argued, that the judgment of the court below was correct, because the demands asserted by the plaintiff were legal demands, and a court of equity had no jurisdiction to set them off against the judgments at law, unless the charge of insolvency had been sustained.

Where the *court* has no jurisdiction of the subject of the action, the plaintiff's petition may be dismissed on that ground; but where the *court* has jurisdiction, either by equitable or ordinary proceedings, an error of the plaintiff, as to the kind of proceedings adopted, does not authorize a dismissal of the action, but merely a change into the proper proceedings by a transfer of the action to the proper docket. *Code of Practice sec.* 6.

The question, when it relates to the jurisdiction of the *court* under the Code, is not whether the matters presented in the plaintiff's petition are equitable, or legal merely, but, whether the *court* has jurisdiction of the subject of the action, either by ordinary or by equitable proceedings. If it have such jurisdiction, the action cannot be dismissed for want of jurisdiction; if, however, it has no such jurisdiction, as in the case of an action for real property in any other county than that in which the property is situated, or in any other similar case, in which an action is brought in the wrong county, the want of jurisdiction may be relied upon to defeat the action. If then, the matters relied upon in the plaintiff's petition in this case were exclusively of a legal character, her pe-

1. Where the court has no jurisdiction of the subject matter of the action, the plaintiff's petition may be dismissed on that ground; but where the court has jurisdiction either by ordinary or equitable proceeding, an error in the form of proceeding adopted, does not authorize a dismissal of the action, but merely a transfer of the action to the proper docket. *Code of Practice, sec.* 6.

LANSDALE
*vs.*
MITCHELL.

tition should not have been dismissed, merely because she had prosecuted her action by equitable proceedings, but the proceedings should have been changed by a transfer of the action to the proper docket.

2. Where it is agreed that money received, or to be received, is to go in satisfaction of a particular demand, the chancellor has the power to enforce the contract by decreeing the set-off.

But the facts alleged by the plaintiff in her petition were such as entitled her to an equitable discount against the judgments at law, to some extent, and also to have credits allowed her on the judgments, for money of hers received by the plaintiff, under an arrangement [between the parties that it was to be applied towards the payment of these judgments. If the note which she holds on the defendant for thirty dollars has never been paid, as it was charged against her in her account, and constituted a part of the consideration upon which her note to the defendant was executed, on which one of the judgments at law against her was recovered, she is entitled to a discount for its amount out of the judgment at law, inasmuch as to that extent, there has been a failure of the consideration upon which the note was founded, for which the judgment was rendered.

As however the matters of account between the parties are involved in some uncertainty, and as in the present state of preparation, injustice might be done if the rights of the parties were to be definitely settled, the cause, on its return to the court below, should be referred to a commissioner, with authority to hear evidence, and to make out and report an account between the parties.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

GRIGSBY and NEWMAN for plaintiff; RILEY and MUIR for defendant.